UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KELLY VAN LEUVEN,**

       **Plaintiff,**              Civil Action No.: 12-CV-12417

   vs.                                District Judge Paul D. Borman

                                     Magistrate Judge Mona K. Majzoub

**AMERICAN BLUE RIBBON**
**HOLDINGS, LLC,**

       **Defendant.**
_____/

## AMENDED OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS [13]

This matter comes before the Court on Defendant's Motion to Compel Plaintiff to Answer Interrogatories, Answer Requests for Production of Documents, and for Sanctions. (Docket no. 13.) Plaintiff filed a response to Defendant's Motion (docket no. 16), and the parties filed a Joint Statement of Resolved and Unresolved Issues (docket no. 17). The motion was referred to the undersigned for decision. (Docket no. 14.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motion is now ready for ruling.

### I. Background

Plaintiff filed her complaint alleging employment discrimination on June 4, 2012. (Docket no. 1.) Defendant served its First Interrogatories and First Requests for Production of Documents on Plaintiff on December 20, 2012. (Docket no. 13-2.) Plaintiff's responses were due on or about January 22, 2013. *See* Fed.R.Civ.P. 33 and 34. Defendant contacted Plaintiff on January 25, 2013, to inquire about Plaintiff's failure to respond, and Plaintiff admitted that the discovery responses had not been served and were overdue. (*See* Docket no. 13.) Plaintiff's counsel stated that Plaintiff's

responses would be served the following week, but instead of receiving Plaintiff's discovery responses, Defendant's counsel received Plaintiff's own set of discovery requests dated January 23, 2013. (*See id.*)  When Plaintiff's responses were still not served by January 30, 2013, Defendant's counsel sent Plaintiff's counsel a letter demanding that the discovery responses be served by February 1, 2013; otherwise, Defendant would file a motion to compel.  (Docket no. 13-3.)

On February 5, 2013, Defendant filed the instant Motion. (Docket no. 13.)  In Plaintiff's response to Defendant's Motion, Plaintiff's counsel explained that her busy schedule prevented her from preparing and serving responses. (Docket no. 16.)  However, Plaintiff agreed to provide answers to the discovery requests by February 28, 2013, and requested that the matter of sanctions be reserved pending Defendant's receipts of the responses. (*Id.*)  Defendant received Plaintiff's responses to the discovery requests on March 8, 2013, five weeks after they were due. (Docket no. 17.) The responses, however, were not signed. (*Id.*)

## II.     Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  But the scope of discovery is not unlimited.  "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

**III.   Analysis**

    **A.   Defendant's Motion to Compel Discovery**

Defendant argues that there is no excuse for either the lateness of Plaintiff's responses or the fact that they remain unsigned in violation of Fed.R.Civ.P. 26(g). (Docket no. 17.) Defendant contends that due to Plaintiff's failure to serve any responses, Defendant was required to file a Motion to Compel, with the attendant attorneys fees and costs, and that Plaintiff's excuse has no merit because her busy schedule did not prevent her from preparing and serving Plaintiff's own discovery requests on January 23, 2013. (Docket no. 17.)

In her response, Plaintiff argues that there are no deficiencies noted by Defendant's counsel in the responses, and that, although the delay is regrettable, there is no prejudice to Defendant in the late responses. (Docket no. 16.) Further, Plaintiff argues that Defendant forwarded its proposed motion via email and gave Plaintiff's counsel only five hours to respond. (Docket no. 16.) Plaintiff's counsel states she had several court appearances on that day and was unable to review the proposed motion or meaningfully respond before Defendant's 4:00 p.m. deadline. (Docket no. 16.) Plaintiff

further argues that her set of discovery materials had been previously prepared and were sent on January 23, 2013, before most of the events referenced in Defendant's motion. Lastly, Plaintiff argues that her responses to the discovery requests are unsigned because Plaintiff's counsel wants to obtain clarification of some of the responses provided by Plaintiff, as the information is inadequate to enable counsel to provide full, fair, and complete answers. (Docket no. 17.)

The Court finds Plaintiff's arguments insufficient. Defendant's email informing Plaintiff's counsel about the proposed Motion was sent on January 30, 2013. (Docket no. 13-3.) Defendant gave Plaintiff until February 1, 2013, to respond, not five hours as Plaintiff claims. Moreover, even if Plaintiff's counsel was busy in court the day she received the email, Defendant did not file the Motion until February 5, 2012. It does not appear that Plaintiff ever attempted to contact Defendant in that time. Additionally, when Plaintiff responded to Defendant's Motion, she asserted that she would serve Defendant with responses by February 28, 2013, but she failed to do so; Plaintiff served her responses one week after the date she represented to the Court they would be served, on March 8, 2013. The answers, however, remain unsigned in violation of Fed.R.Civ.P. 26(g). Plaintiff's counsel had over two months to obtain clarification on Plaintiff's answers and to make sure the information Plaintiff provided was adequate to enable counsel to provide full, fair, and complete answers. There is no excuse for the lateness of Plaintiff's responses or the fact that the answers remain unsigned. The Court will, therefore, grant Defendant's motion to compel discovery. The Court will order Plaintiff to appropriately sign the served responses to the discovery requests, assuming the validity of such responses, in accordance with Fed.R.Civ.P. 26(g) within 14 days, unless Plaintiff has already done so.

**B.     Defendant's Request for Costs**

Defendant requests that the Court award its fees for Plaintiff's failure to timely and

appropriately respond to Defendant's discovery requests. (Docket no. 13.) Having granted Defendant's Motion to Compel, the Court must award reasonable expenses and attorney's fees "unless [Defendant] did not confer in good faith before the motion, [Plaintiff's] position was substantially justified, or other circumstances would make an award unjust." Fed.R.Civ.P. 37(A)(5)(a). Defendant's January 30, 2013 correspondence shows that Defendant conferred in good faith before the motion. And as noted, Plaintiff failed to timely respond to Defendants requests for discovery, and the Court believes that if Plaintiff had responded to Defendant's initial discovery request or to Defendant's follow-up email and letter, Defendant would not have had to file the instant Motion or incur the expenses associated therewith. Thus, the Court finds that Plaintiff's position is not substantially justified and that an award of expenses and fees would not be unjust.

Therefore, the Court will award Defendant reasonable fees incurred in filing the instant Motion. Plaintiff will be ordered to submit a bill of costs for such fees within 21 days.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is **GRANTED.** Plaintiff has 14 days to appropriately sign its responses in compliance with Fed.R.Civ.P. 26(g), provided that Plaintiff has not already done so.

**IT IS FURTHER ORDERED** that Defendant's request for costs is **GRANTED.**

    a.    Plaintiff is ordered to pay reasonable expenses, including attorneys fees, incurred by Plaintiff as a result of filing a Motion to Compel Discovery.

    b.    Defendant must submit to the Court a bill of costs itemizing the costs associated with filing the instant Motion. Defendant's bill of costs must be submitted to the Court within 21 days, at which time the undersigned will submit to the Court a Report and Recommendation indicating the amount of costs for which Plaintiff should be liable pursuant to this Order.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  July 10, 2013          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 10, 2013           s/ Lisa C. Bartlett
                               Case Manager