## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**KELLY VAN LEUVEN,**

      **Plaintiff,**                        **Civil Action No. 12-cv-12417**

      **vs.**                              **District Judge Paul D. Borman**

**AMERICAN BLUE RIBBON**          **Magistrate Judge Mona K. Majzoub**
**HOLDINGS, LLC, a Delaware**
**limited liability company,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Kelly Van Leuven filed this gender discrimination claim under Title VII of the Civil Rights Act of 1964 and the Elliot-Larsen Civil Rights Act alleging that Defendant American Blue Ribbon Holdings, LLC, her former employer, is liable for the discriminatory conduct of one of Plaintiff's supervisors. (*See* docket no. 1.) On December 20, 2012, Defendant served Plaintiff with Defendant's First Interrogatories and First Requests for Production of Documents. (*See* docket no. 13-2.) Plaintiff failed to respond, and after several attempts to communicate with Plaintiff's attorney, Defendant filed its Motion to Compel, which is the subject motion of this Report and Recommendation. (*See* docket no. 25 at 1-2.)

Ultimately, on March 8, 2013, five weeks after they were due, Defendant received Plaintiff's responses; they were unsigned. (*See* docket no. 17.) In the Parties' Statement of Resolved and Unresolved Issues, Defendant acknowledged receipt of Plaintiff's responses but asserted that the responses were insufficient because they were unsigned; Defendant also repeated its request for costs associated with its Motion. (*Id.*) On July 10, 2013, the Court entered an Opinion and Order

granting Defendants' Motion to Compel and awarding Defendant "reasonable fees incurred in filing the instant Motion."  (Docket no. 25 at 5.)  The Court now issues this Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(A).

## I.     Recommendation

This Court recommends that Defendant be awarded reasonable costs and attorneys fees in the amount of $2,213.75, payable by Plaintiff or Plaintiff's attorney.

## II.    Report

### A.     Procedural History

This matter was initially before the Court on Defendant's Motion to Compel.  (Docket no. 13.)  Plaintiff filed a Response (docket no. 16), and the parties filed a Statement of Resolved and Unresolved Issues (docket no. 17).  The motion was referred to the undersigned for consideration. (Docket no. 14.)  After reviewing the Parties' briefs, the Court granted Defendant's Motion.  With regard to the discovery itself, Plaintiff had provided the requested documents and acknowledged her responses remained unsigned.  Thus, the Court ordered that she sign the responses in compliance with Fed. R. Civ. P. 26(g).  (Docket no. 25 at 5.)  With regard to Defendant's request for reasonable fees associated with its Motion, the Court awarded such fees and found that even though Plaintiff ultimately provided the requested discovery, if Plaintiff had responded to Defendant's discovery requests in a timely manner or even responded to Defendant's attempts to obtain Plaintiff's responses after the initial due date of January 22, 2013, Defendant would not have been forced to file its Motion to Compel.  Thus, Plaintiff's failure to respond directly caused Defendant's attorney to spend time drafting the instant Motion, reviewing Plaintiff's Response, and working on the Parties' Joint Statement.  (*Id.* at 4-5.)  Pursuant to the Court's Order, Defendant submitted its Bill

2

of Costs, through which it seeks $3,691.50 in fees for 10.70 hours of work performed by Attorney Brad A. Rayle at a rate of $345.00 per hour.  (Docket no. 27.)

**B.    Attorney Fees Standard**

"Civil contempt sanctions are intended 'to enforce compliance with court orders and to compensate injured parties for losses sustained.'" *Banner v. City of Flint*, 99 Fed. App'x. 29, at *41 (6th Cir. 2004) (citing *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir.1994)).   Under Rule 37(a)(5)(A), if a Motion to Compel is denied, the Court "must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to act in good faith, the opposing party's response was substantially justified, or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).  To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked.  *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010).  The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney."  *Hett*, 2011 WL 740460, at *2 (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).  But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys."  *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D.Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)).   In addition, the court considers the following factors when calculating the reasonableness of attorney fees: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty

3

of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship

with the client. *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

The Supreme Court has also provided guidance:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation is inadequate, the district court may reduce the award accordingly.

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission[.]

*Hensley v. Eckerhard*, 461 U.S. 424 (1983).

**C.    Analysis**

**1.    Reasonable Number of Hours**

Through a Declaration attached to Defendant's Bill of Costs, Attorney Rayle asserts that he spent 10.70 hours working on the instant Motion. (Docket No. 27-1 at 3.) The attached invoices indicate that Attorney Rayle spent 3.40 hours drafting the Motion itself, 1.00 hours reviewing Plaintiff's Response and conducting research to determine if Plaintiff's attorney had been involved in "similar situations," 1.20 hours communicating with Plaintiff's attorney, 0.60 hours reviewing Plaintiff's responses, 4.10 hours working on the parties' Joint Statement, and 0.40 hours reviewing the Court's Opinion and Order. (*Id.* at 4-13.)

The Court finds that the time Attorney Rayle spent drafting the initial Motion (3.40), reviewing Plaintiff's Response (1.00), corresponding with Plaintiff's attorney (1.20), and reviewing

the Court's Opinion and Order (0.40) was reasonable.  The Court, however, finds that the time Attorney Rayle spent working on the Parties Joint Statement was unreasonable as "Defendant's Position" only accounts for one-and-a-half pages of substantive work, none of which appears to have required any research.  Thus, the Court recommends reducing Attorney Rayle's time spent working on the parties' Joint Statement by half, to 2.05 hours.  The Court further recommends disallowing any time that Attorney Rayle spent reviewing Plaintiff's discovery responses as Attorney Rayle would have had to review Plaintiff's responses regardless of whether Defendant filed its Motion. Therefore, the Court recommends awarding Defendant fees for 8.05 total hours.

### 2.      Reasonable Hourly Rates

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir.2000). In assessing the "reasonable hourly rate," the court should assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."  *Addock–Ladd*, 227 F.3d at 350.

Attorney Rayle charges $345.00 per hour, but this does not end the Court's inquiry. Attorney Rayle has been practicing Labor and Employment Law, including litigation, in Michigan for over 30 years.  He is a member of a law firm with over 100 attorneys based in Royal Oak, Michigan, and has been named a Michigan Super Lawyer and a dbusiness Top Lawyer multiple times. (Docket no. 27-1 at 3; *see also* http://www.howardandhoward.com/attorneys/bio.asp?id=52.)

A review of the 2010 State Bar of Michigan Economics of Law Practice Attorney Income and Billing Rate Summary Report reveals the following:

- the median billing rate for managing partners, equity partners, shareholders, and non-equity partners at law firms in Michigan is $250.00 to $275.00 per hour;

- the median billing rate for attorneys with 26 to 35 years of experience in Michigan is $233.00 per hour;

- the median billing rate for attorneys in firms with over 50 attorneys in Michigan is $300.00 per hour;

- the median billing rate for attorneys at law firms in Oakland County South of M-59 is $250.00 per hour;

- the median billing rate for attorneys practicing labor and employment law (defense) and litigation in Michigan is $250.00 to $265.00 per hour; and

- The median billing rates for attorneys practicing in Wayne County, Michigan, and Oakland County, Michigan, are $230.00 per hour and $250.00 per hour, respectively.

*See* 2010 Economics of Law Practice Attorney Income and Billing Rate Summary Report, State Bar of Michigan (January 2011), *available at* http://www.michbar.org/pmrc/articles/0000146.pdf. Thus, without any adjustment, it appears that a rate between $230.00 per hour and $300.00 per hour is reasonable for Attorney Rayle.

Considering Attorney Rayle's professional standing and experience, an upward adjustment of this fee would be appropriate. Nevertheless, this was a reasonably simple matter in which Plaintiff essentially concurred in the result. Therefore, considering the the skill, time and labor involved; the amount in question and the results achieved; and the difficulty of the Motion at hand; no upward adjust is appropriate with regard to Attorney Rayle's fees in this particular situation.[1]

---

[1]Defendant provided no relevant information with regard to the nature of Attorney Rayle's professional relationship with Defendant.

Therefore, the Court recommends that Attorney Rayle be afforded a reasonable hourly rate of $275.00 per hour.

### 3.    Lodestar Calculation and Adjustment

Based on the above analysis, the Lodestar calculation is as follows: 8.05 hours x $275.00 per hour = $2,213.75.  No additional adjustment is necessary in this matter, and Defendant has not requested reimbursement for any additional costs.

### D.    Conclusion

For the reasons indicated herein, the Court recommends awarding total fees to Defendant in the amount of $2,213.75, payable by Plaintiff or Plaintiff's attorney.

## III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later

than ten days after service of an objection, the opposing party must file a concise response proportionate

to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: August 6, 2013                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

        I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: August 6, 2013                    s/ Lisa C. Bartlett
                                         Case Manager