UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY CZERNESKI,

        Plaintiff,

                                      Case No. 12-cv-12417

v.

                                      Paul D. Borman
AMERICAN BLUE RIBBON           United States District Judge
HOLDINGS, LLC,

        Defendant.
_____/

OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTION TO THE JULY 10, 2013 ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND AWARDING SANCTIONS;
(2) DENYING PLAINTIFF'S OBJECTION TO THE
AUGUST 8, 2013 REPORT AND RECOMMENDATION;
(3) ADOPTING THE AUGUST 8, 2013 REPORT AND RECOMMENDATION; AND
(4) AWARDING DEFENDANT ATTORNEY FEES IN THE AMOUNT OF $2,213.75

On July 10, 2013, Magistrate Judge Mona K. Majzoub issued an Order granting Defendant American Blue Ribbon Holdings, LLC's ("ABRH") Motion to Compel and for Sanctions. (Dkt. No. 25, Order). Plaintiff Kelly Czerneski[1] ("Plaintiff") timely filed an objection to that Order and ABRH filed a response. (Dkt. Nos. 28 & 32). In connection with the July 10, 2013 Order, Magistrate Judge Majzoub issued a Report and Recommendation on August 6, 2013 recommending awarding $2,213.75 in attorney's fees to Defendant. (Dkt. No. 31). Plaintiff filed a timely objection to this Report and Recommendation and Defendant filed a response. (Dkt. Nos. 35 & 36).

The Court will now address each of Plaintiff's Objections in turn.

---

[1] The Court notes that Plaintiff Kelly Van Leuven has married and legally changed her name since the filing of this action. The Court refers to her by her current legal name.

I. BACKGROUND

On June 4, 2012, Plaintiff filed her complaint alleging gender discrimination under Title VII of the Civil Rights Act of 1964 and the Elliot-Larsen Civil Rights Act against Defendant ABRH, her former employer. (Dkt. No. 1).

On December 20, 2012, Defendant served Plaintiff with Defendant's First Interrogatories and First Requests for Production of Documents. (Dkt. No. 13, Ex. A). Plaintiff's responses to these requests were due on or about January 22, 2013. *See* Fed. R. Civ. P. 33 & 34. On January 25, 2013, Defendant's counsel contacted Plaintiff's counsel regarding the overdue responses and a paralegal at Plaintiff's counsel's office admitted they had not been served and were overdue. (Dkt. No. 13 at 1). The paralegal further stated that they would try to send the responses the following week. The following week, however, Defendant's counsel received Plaintiff's own discovery requests rather than the overdue responses. (*Id.*). On January 30, 2013, Defendant's counsel sent Plaintiff's counsel a letter demanding the discovery requests be served by February 1, 2013 or Defendant would file a motion to compel. (Dkt. No. 13, Ex. B).

On February 5, 2013, Defendant filed the underlying motion to compel. (Dkt. No. 13). Plaintiff's counsel responded to the motion on February 18, 2013 and concurred in an order to provide responses to the discovery within 10 days (by February 28, 2013). (Dkt. No. 16 at 1). Plaintiff's counsel also explained that her busy schedule had prevented her from preparing and serving the responses. (*Id.* at 1-2). Plaintiff's counsel also requested that the matter of sanctions be reserved pending Defendant's receipt of the overdue responses. (*Id.* at 2-3).

On March 11, 2013, the parties filed a Joint Statement of Resolved and Unresolved Issues. (Dkt. No. 17). Defendant acknowledged in that joint statement that it was served with

Plaintiff's responses to the discovery requests on March 8, 2013, some five weeks after they were due and one week after Plaintiff represented to the Court they would be served. (Dkt. No. 17). These responses, however, were not signed. Defendant then again asserted its request for costs associated with its previous motion to compel. (*Id*.).

On July 10, 2013, the Magistrate Judge issued an Opinion and Order granting Defendant's motion to compel. The Opinion and Order noted that Plaintiff had provided the discovery that Defendant sought but failed to sign the responses and ordered that she sign the responses in compliance with Fed. R. Civ. P. 26(g). (*See* Dkt. No. 25 at 5). The Magistrate Judge further held that while Plaintiff had ultimately responded to Defendant's discovery requests, Plaintiff's failure to timely respond (or respond to Defendant's requests after the due date had come and gone) caused Defendant to incur the expense of drafting, reviewing and filing a motion to compel.

Plaintiff filed an objection to that Opinion and Order on July 24, 2013 and Defendant filed a response. (Dkt. Nos. 28 & 32).

On July 27, 2013, Defendant's counsel submitted a bill of costs which sought $3,691.50 in fees for 10.70 hours of work performed by Defense counsel Brad A. Rayle at a rate of $345.00 an hour. (Dkt. No. 27). On August 6, 2013, Magistrate Judge Majzoub issued a Report and Recommendation which recommended that Defendant be granted attorney fees and costs in the amount of $2,213.75. Thereafter, Plaintiff filed a timely objection to the Report and Recommendation and Defendant filed a response. (Dkt. Nos. 35 & 36).

## II. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to

which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir.1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

This Court cannot reverse a magistrate judge's opinion on a non-dispositive matter unless that decision was "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule

52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir 2992) (quoting *U.S. Gypsum Co.*).

The Court notes that this standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *See Anderson v. City of Bessemer City., N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)). As a result the reviewing court must employ "independent judgment with respect to the magistrate judge's conclusions of law." *Id*.

III. ANALYSIS

1.      Objections to July 7, 2013 Opinion and Order

Plaintiff appears to object to the July 7, 2013 Opinion and Order based upon FED. R. CIV. P. 37(a)(5)(A)(iii). Plaintiff argues that an award of sanctions is unjust under these circumstances when "(a) full, complete and verified responses to the discovery were served prior to any order of this Court; and (b) no further discovery issues or disputes have been presented to the Court." (Dkt. No. 28 at 4). Plaintiff also notes that the one-day notice Defendant's counsel gave her to respond before filing the underlying motion to compel was patently unreasonable given the nature of the motion.

Federal Rule of Civil Procedure 37 provides that if a party fails to respond to interrogatories or requests for production, the party who sent the discovery may file a motion to

compel those responses. FED. R. CIV. P. 37(a)(3)(B)(iii) and (iv). The Rules also provide that a court <u>must</u> award reasonable expenses and attorney's fees to the successful party, unless the successful party failed to confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would must an award unjust. FED. R. CIV. P. 37(A)(5)(a).

In the instant objection, Plaintiff's counsel does not attempt to argue that Defendant's counsel failed to confer or that her position was substantially justified. Rather, Plaintiff's counsel argues that because she ultimately complied and served the responses on Defendant before the Magistrate Judge issued the Opinion and Order the issue is moot. She then argues that this creates a circumstance in which the award of sanctions would be unjust.

The Court finds that Plaintiff has failed to show that the Magistrate Judge's Opinion and Order which granted Defendant's motion to compel and awarded sanctions was "clearly erroneous" or "contrary to law." *See* Fed. R. Civ. P. 72(a). The Magistrate Judge accurately noted Plaintiff's counsel's repeated failure to respond to Defendant's discovery requests. The Magistrate Judge also found that Plaintiff's delays were the direct cause of Defendant incurring the expense of drafting and filing the motion to compel. The Order also acknowledged that Plaintiff may have already complied with the discovery requests and signed the responses. (*See* Dkt. No. 25 at 4, ordering Plaintiff must sign the responses within fourteen days of the order, "unless Plaintiff has already done so." ). Given these circumstances, the Court finds the Magistrate Judge's Order was not clearly erroneous in granting Defendant's motion to compel.

Plaintiff' argument that Defendant's one day notice was unreasonable is also unavailing. As the Magistrate Judge recognized, Defendant's counsel advised Plaintiff's counsel by letter on

January 30, 2013 that the responses were overdue and that failure to respond by February 1, 2013 would result in a motion to compel. (Dkt. No. 13, Ex. B). Defendant's motion to compel was actually filed on February 5, 2013. (Dkt. No. 13). Plaintiff does not argue that she attempted to contact Defendant's counsel after receiving the January 30, 2013 letter. Therefore, Plaintiff had more than one day notice from Defendant that a motion to compel was forthcoming if she did not serve the overdue responses. Further, when Plaintiff did finally serve the discovery responses on Defendant those responses were served one week later than represented to the Court and were unsigned in violation of FED. R. CIV. P. 26(g). These circumstances do not give rise to a situation in which sanctions are unjust. FED. R. CIV. P. 37(A)(5)(a).

2.      Objections to August 6, 2013 Report and Recommendation

Plaintiff also filed objections to the Report and Recommendation in favor of granting sanctions in the amount of $2,213.75 to Defendant based on the July 10, 2013 Order. Plaintiff sets forth two objections to that Report and Recommendation.

Plaintiff first objects to the recitation of the procedural history of the case in the Report and Recommendation. Plaintiff contends that procedural history suggested that Plaintiff had not provided signed answers to Defendant's discovery requests at the time of the July 10, 2013 Order. Plaintiff asserts this is untrue as she provided verification and affirmation of the responses on March 21, 2013 and had supplemented those discovery responses at Plaintiff's deposition on June 12, 2013. (Dkt. No. 35 at 1-2). Plaintiff argues again that the Motion to Compel was moot when it was granted and "[d]epositions, including Plaintiff's deposition, were not delayed as a result of any delay in provided answers." (Dkt. No. 35 at 2).

Plaintiff's objection to the procedural history is merely a restatement of her objection to

7

the July 10, 2013 Order. The July 10, 2013 Order, specifically noted that Plaintiff was ordered to sign the discovery responses within fourteen (14) days of the order "unless Plaintiff has already done so." (Dkt. No. 25 at 4). Further, the Court notes that the Magistrate Judge explained in that same procedural history section that "the Court awarded such fees and found that *even though Plaintiff ultimately provided the requested discovery*, if Plaintiff had responded to Defendant's discovery requests in a timely manner or even responded to Defendant's attempts to obtain Plaintiff's responses after the initial due date of January 22, 2013, Defendant would not have been forced to file its Motion to Compel." (Dkt. No. 31 at 2) (emphasis added).

Therefore, the Magistrate Judge acknowledged in the Report and Recommendation that Plaintiff did ultimately comply and provide the discovery. Further, as previously noted, the July 10, 2013 Order acknowledged that Plaintiff may have already signed the discovery responses. Therefore, Plaintiff's first objection is without merit and is denied.

Plaintiff next objects to the amount of attorney fees awarded and claims that the amount is grossly excessive under the circumstances. Plaintiff argues that the hours awarded for the time Defendant's counsel spent working on the Joint Statement (Dkt. No. 17) and the time Defendant's counsel spent drafting the motion to compel (Dkt. No. 13) was excessive and not justified.

In his Bill of Costs, Defendant's counsel claimed he spent 3.4 hours drafting the motion to compel and 4.10 hours working on the parties' Joint Statement. The Magistrate Judge found that the 3.4 hours spent drafting the motion was justified, but found the time spent working on the Joint Statement was "unreasonable" and noted that Defendant's portion of the Joint Statement accounted for only one-and-a-half pages of substantive work which required no

research. (Dkt. No. 31 at 5). Therefore, the Magistrate Judge recommended awarding only 2.05 hours for his work on the Joint Statement.[2]

Plaintiff argues that the Joint Statement acknowledged that Defendant had received the unsigned discovery responses in a four sentence long paragraph while the majority of the Defendant's effort was spent requesting attorney fees. Plaintiff also notes that the substantive portion of Defendant's motion to compel consisted of a mere three pages in total, set forth standard language, and presented no complex or extraordinary arguments or issues. Plaintiff contends that these facts show that an award of 2.05 hours for work on the Joint Statement and an award of 3.4 hours for drafting and preparing the motion to compel are excessive.

The Court recognizes that the Magistrate Judge accounted for the simplicity of the matter and the fact that Plaintiff did not oppose the motion (except the award of sanctions) when determining the award of sanctions. Specifically, the Magistrate Judge noted that given Defendant counsel's professional experience and standing an upward adjustment of the median billing rate would be appropriate. (Dkt. No. 31 at 6). However, the Magistrate Judge acknowledged that "this was a reasonably simple matter in which Plaintiff essentially concurred in the result." (Dkt. No. 31 at 6). Based on these facts, the Magistrate Judge declined to adjust the median billing rate and determined the reasonable rate to be $275.00 (within the median billing range of $230.00 and $300.00 per hour).[3]

---

[2] The Magistrate Judge also recommended disallowing any time that Defendant's counsel spent reviewing Plaintiff's discovery responses because that cost would have been incurred regardless of the motion.

[3] Defendant's counsel actually charged and sought $345.00 per hour. (*See* Dkt. No. 27, Bill of Costs).

Therefore, as the Magistrate Judge acknowledged the simplicity of the matter and Plaintiff's concurrence, as well as halving the amount of time Defendant's counsel claimed to work on the Joint Statement, the Court finds the award of attorneys fees for Defendant's Joint Statement and motion to compel were not excessive. Plaintiff's objection is denied.

## IV. CONCLUSION

For all these reasons, the Court:

(1)   DENIES Plaintiff's Objection to the July 10, 2013 Order (Dkt. No. 28);

(2)   DENIES Plaintiff's Objection to the August 8, 2013 Report and Recommendation (Dkt. No. 35);

(3)   ADOPTS the Report and Recommendation (Dkt. No. 31); and

(4)   AWARDS Defendant sanctions in the amount of $2,213.75, payable by Plaintiff or Plaintiff's attorney.

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 28, 2014.

s/Deborah Tofil  
Case Manager